IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

TONY LEE SMITH, as next friend and father )
of ASHLEY LAUREN SMITH, a minor, and )
MICHAEL ANTHONY SMITH, children of )
Decedent, ANGELA DARLENE SMITH, )
                                  )
       Plaintiff )
                                    )
VERSUS )
                                    ) CASE NO. 2:14-00049
CUMBERLAND COUNTY, TENNESSEE, )
operating the Cumberland County Sheriff's )
Department, BUTCH BURGESS, individually )
and in his capacity as Sheriff of Cumberland )
County, DEPUTY SHERIFF DUSTIN )
HENSLEY, individually and in his capacity as )
a Deputy with the Cumberland County )
Sheriff's Department and DEPUTY DOES )
ONE through TEN, individually and in their )
capacities as Deputies with the Cumberland )
County Sheriff's Department; )
CITY OF CROSSVILLE, TENNESSEE, )
operating the Crossville Police Department; )
DAVID BEATY, individually and in his )
Capacity as Chief of Police for the )
Crossville Police Department; and OFFICER )
DOES ONE through TEN, individually and in )
their capacities as Officers with the Crossville )
Police Department, )
                                    )
       Defendants. )

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

TONY LEE SMITH, as next friend and father )
of ASHLEY LAUREN SMITH, a minor, and )
MICHAEL ANTHONY SMITH, children of )
Decedent, ANGELA DARLENE SMITH, )
                                    )
       Plaintiff )
                                    )
VERSUS )

|  | ) CASE NO. 2:14-00061 |
|---|---|

CUMBERLAND COUNTY, TENNESSEE, )
operating the Cumberland County Sheriff's )
Department, BUTCH BURGESS, individually )
and in his capacity as Sheriff of Cumberland )
County, DEPUTY SHERIFF DUSTIN )
HENSLEY, individually and in his capacity as )
a Deputy with the Cumberland County )
Sheriff's Department and DEPUTY DOES )
ONE through TEN, individually and in their )
capacities as Deputies with the Cumberland )
County Sheriff's Department; )
CITY OF CROSSVILLE, TENNESSEE, )
operating the Crossville Police Department; )
DAVID BEATY, individually and in his )
Capacity as Chief of Police for the )
Crossville Police Department; and OFFICER )
DOES ONE through TEN, individually and in )
their capacities as Officers with the Crossville )
Police Department, )
 )
   Defendants. )

## """""""""INITIAL CASE MANAGEMENT ORDER

Pursuant to Federal Rule of Civil Procedure 26 and Local Rule 16.01, the following Initial Case Management plan is adopted.

### A. JURISDICTION.

The Plaintiff's Complaint alleges causes of action and violations of the Plaintiff's civil rights pursuant to 42 U.S.C. § 1983. The claim arises as a result of an episode that occurred in Cumberland County, Tennessee when Plaintiff's decedent was pursued by law enforcement personnel from the City of Crossville and Cumberland County, Tennessee and was ultimately shot and killed. The Plaintiff has also instituted suit in the Circuit Court of Cumberland County, Tennessee, which has been removed to

this Court (Case No. 2:14-00061) and which all parties agree should be consolidated with this action. All claims, both state and federal, arise out of the same incident and involve the same parties.

The District Court has jurisdiction to hear all claims.

B. BRIEF THEORIES OF THE PARTIES.

1. Plaintiff's theory of the case:

Plaintiffs are the next of kin of decedent Angela Darlene Smith. Plaintiffs would show that decedent was a loving mother and grandmother and a contributing member of her family and community. On May 29, 2013, decedent's life was cut short when she was struck by two Taser probes and then shot at least ten (10) times in the back by an unidentified member of Defendant law enforcement agencies. Plaintiffs were not at the scene of this deadly shooting and have been unable to obtain discovery of many facts at this point, but Plaintiffs assert that firing over ten shots into the back of a woman who had previously been struck by two Taser probes is an excessive and unreasonable use of force which violated decedent's constitutional rights and indicates a failure to properly hire, instruct, train, supervise and control the law enforcement personnel involved. Decedent died wrongfully due to assault, battery, and use of excessive and deadly force by officers whose duty is to protect and serve.

2. Defendants' theory of the case:

**Cumberland County; Butch Burgess; Deputy Sheriff Dustin Hensley; and Cumberland County Sheriff's Department Deputies Does 1 through 10 theory**:

Defendants, Cumberland County, Tennessee, Sheriff Butch Burgess, individually and in his capacity as Sheriff of Cumberland County, and Deputy Sheriff Dustin Hensley, individually

and in his capacity as a Deputy with the Cumberland County Sheriff's Department , deny that they are liable to the Plaintiff under any theory.

Defendants did not violate any constitutional right of decedent, Angela Smith. Any injuries alleged in Plaintiff's Complaint are the result of the decedent's own actions, therefore barring Plaintiff from any recovery from the Defendants.

Defendants aver that the decedent, Angela Smith, fired shots at Crossville Police Department officers investigating reports of a prowler, and then fled the scene in a stolen vehicle. Deputies with the Cumberland County Sheriff's Department, including Deputy Hensley, responded to the Crossville Police Department's request for backup in the pursuit of Angela Smith. While attempting to evade the officers, Angela Smith drove off the road and into a ditch. Officers surrounded Smith's vehicle, and a Tennessee Highway Patrol officer broke out the window of the vehicle. Deputy Hensley deployed his Taser in an attempt to gain control of Smith, but it had no apparent effect. Smith had a gun in her hand and ignored the lawful commands of the officers to drop her weapon. Angela Smith then pointed a gun at the officers, and Deputy Hensley shot her.

Defendants aver that Deputy Hensley reasonably believed that Angela Smith's actions posed an immediate threat of death or serious bodily injuries to Deputy Hensley and all officers on the scene. Deputy Hensley's use of force was justified under the circumstances. Deputy Hensley used necessary and reasonable force against Angela Smith, and his actions were reasonable and necessary in order to protect himself and the other officers from Smith.

Defendant Deputy Hensley acted in good faith in discharging his duties and acted reasonably under the circumstances that existed at the time of the complained of incident. Defendants Deputy Hensley and Sheriff Burgess did not violate any civil rights of Angela Smith, and they are therefore entitled to qualified immunity from liability in this action. Defendants aver

that no act or omission on the part of the employees of Cumberland County violated a clearly established or particularized constitutional right of Angela Smith. Defendants deny any allegation of inadequate or negligent training, hiring or supervision.

Defendant Sheriff Burgess was not present during any of the events giving rise to this suit, and he had no involvement in the same. Thus, any claims against Sheriff Burgess in his individual capacity should be dismissed. The claims against Defendants Deputy Hensley and Sheriff Burgess in their official capacities are essentially claims against Defendant Cumberland County, which is already a named party to this action, and such claims should be dismissed.

The Defendants assert that there is no vicarious liability or respondeat superior theory of recovery against Cumberland County, Tennessee pursuant to 42 U.S.C. § 1983, and assert that liability under § 1983 may not be imposed on a municipal governmental entity merely because it employed an individual who is alleged to have engaged in some form of unconstitutional conduct. Defendants deny that any alleged violation of the constitutional rights of Angela Smith was the cause or a result of, an official policy or custom of Cumberland County and aver that the Plaintiff has failed to plead facts to support the claim that a policy or procedure of Cumberland County, Tennessee, caused the alleged injuries.

Should the Court exercise supplemental jurisdiction over the Plaintiff's state law claims, the same must be in accordance with the Tennessee Governmental Tort Liability Act ("TGTLA"). Defendants are entitled to all defenses and immunities available under the TGLTA. Defendants deny that any employee of Cumberland County committed any tort or acted negligently or recklessly at any time related to the complained of incident.

3. Defendant's theory of the case:

**City of Crossville, Tennessee; City of Crossville Police Chief David Beaty; and City of Crossville Police Officers Does 1 through 10's theory:**

It is denied that the City of Crossville had an unconstitutional custom, practice, or policy, or is in any way legally liable to the Plaintiff on any theory whatever. It is denied that the City of Crossville was guilty of any negligence that resulted in any cause of action in favor of the Plaintiff.

David Beaty, the Police Chief of the City of Crossville, was not personally present at the scene of the pursuit and the arrest of Plaintiff's decedent and had no personal involvement in same. There is no respondeat superior liability pursuant to claims made under 42 U.S.C. § 1983, and David Beaty, an employee of the City of Crossville, is entitled to total personal immunity pursuant to the provisions of the Tennessee Governmental Tort Liability Act. David Beaty was not deliberately indifferent toward the training of any of his police officers.

In the alternative, David Beaty, individually, pleads the doctrine of qualified immunity.

All of the Officers with the City of Crossville Police Department that were involved in the incident which gives rise to this suit acted appropriately and were not guilty of any act that violated nay of Plaintiff's decedent's constitutional rights or any other rights whatever. They were not guilty of any state torts.

No employee or officer with the City of Crossville Police Department discharged their firearm, nor deployed their taser. No individual with the City of Crossville Police Department physically touched or harmed the Plaintiff's decedent in any way until after

the incident was concluded and her body was removed by the vehicle she was driving in the pursuit.

In the alternative, all individual officers with the City of Crossville Police Department plead the doctrine of qualified immunity.

Plaintiff's decedent, Angela Darlene Smith, broke into several homes in the Camelot Subdivision located in Crossville, Cumberland County, Tennessee. She stole a pistol; stole keys to a car; and led the City of Crossville Police Officers on a pursuit down Highway 70. During the pursuit of Angela Darlene Smith on foot in the Camelot Subdivision, Angela Darlene Smith fired two shots from the pistol which she had stolen at two City of Crossville Police Officers.

Officers with the City of Crossville Police Department pursued the Plaintiff's decedent through yards in the Camelot Subdivision and onto city streets in the City of Crossville and ultimately onto Highway 70 West toward Sparta. During this pursuit Officers from the Cumberland County Sheriff's Department joined in the pursuit and two vehicles passed the City of Crossville Police units and the Plaintiff's decedent's vehicle.

Shortly thereafter the Plaintiff's decedent attempted to turn right onto a road to further evade the officers. At that time her car left the roadway. Officers with the City of Crossville Police Department surrounded the vehicle but, as stated, did not fire their firearms, nor deploy their tasers. At that time a Tennessee Highway Patrol Officer broke the window of the Plaintiff's decedent's vehicle. Deputy Sheriff Hensley attempted to deploy his taser. Upon information and belief, it was ineffective. Upon information and belief, Angela Darlene Smith then picked up the pistol and pointed it at Tennessee Highway Patrol Officer Seitner. When she did so, upon information and belief, Deputy

Sheriff Hensley shot her to defend himself and Highway Patrol Officer Seitner from Plaintiff's decedent's anticipated use of her pistol.

After Angela Darlene Smith was shot and apparently deceased, an Officer with the City of Crossville Police Department removed her from the vehicle, and she was pronounced dead.

It is denied that any employee of the City of Crossville or any Officer with the City of Crossville Police Department committed any state tort or violated Plaintiff's decedent's constitutional rights in any way. No force whatever was used against Plaintiff's decedent by any employee or officer with the City of Crossville Police Department.

C.    ISSUES RESOLVED:    Jurisdiction and venue.

D.    ISSUES STILL IN DISPUTE:    All issues arising out of this cause of action remain disputed.

E.    INITIAL DISCLOSURES. The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before Ugr\go dgt'37.'4236.

F.    DISCOVERY. All written discovery and depositions of all fact witnesses shall be completed on or before **April 1, 2015**. Discovery is not stayed during dispositive motions, unless ordered by the court. Discovery motions are to be filed in accordance with the practice of the magistrate judge who will resolve any dispute(s).

G.    MOTIONS TO AMEND. The parties shall file all motions to amend on or before **January 15, 2015**.

H.    DISCLOSURE OF EXPERTS. The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **January 15, 2015**. The Defendant shall

identify and disclose all expert witnesses and expert reports on or before **March 15, 2015**.

I.      DEPOSITIONS OF EXPERT WITNESSES:    The parties shall depose all expert witnesses on or before **May 15, 2015**.

J.      JOINT MEDIATION REPORT:  The parties shall file a joint mediation report on or before **June 1, 2015**.

K.      DISPOSITIVE MOTIONS:  The parties shall file all dispositive motions on or before **July 15, 2015**.  Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion.  Optional replies may be filed within ten (10) days after the filing of the response.  Briefs shall not exceed twenty-five (25) pages.  No motion for partial summary judgment shall be filed, except upon leave of the Court.  Any party wishing to file such a motion shall first file a separate motion that gives justification for filing a partial summary judgment motion, in terms of overall economy of time and expenses for the parties, counsel and the court.

L.      ELECTRONIC DISCOVERY:  The parties have reached an agreement on how to conduct electronic discovery.  Therefore, the default standard contained in the Administrative Order No. 174 need not apply to this case.

M.      ESTIMATE TRIAL TIME:    The parties expect the trial to last approximately 4 days.

This case is set for trial qp"F gego dgt"37."4237."cpf "yj g"hkpcn"r tgvtkcn"eqphgtgpeg"ku"ugv"hqt F gego dgt"9."4237."cv"3<52"r 0o 0Dqvj "ugv"kp"Eqqmgxknng."Vgppguugg0"
It is so ORDERED.

_Kevin H. Sharp_

**JUDGE KEVIN SHARP**

**APPROVED FOR ENTRY BY:**


**s/MICHAEL D. GALLIGAN, BPR #003181**
**Michael D. Galligan**
**Howard Upchurch**
**GALLIGAN & NEWMAN**
Attorneys for Plaintiffs
309 West Main Street
McMinnville, TN 37110
(931) 473-8405


**S/DANIEL H. RADER, III, BPR #002835**
**Daniel H. Rader, III**
**MOORE, RADER AND FITZPATRICK, P.C.**
Attorneys for Defendants,
City of Crossville; David E. Beaty; and
City of Crossville Police Officers
John Does 1 through 10
P. O. Box 3347
Cookeville, TN 38502
(931) 526-3311


**S/MARK NOLAN, BPR #015859**
**Mark Nolan**
**Kathryn W. Olita**
**BATSON NOLAN PLC**
Attorneys for Defendants,
Cumberland County;
121 South Third Street
Clarksville, TN 37040
(931) 647-1501